Simon v Lewis
2026 NY Slip Op 03900
June 18, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Leon Simon, et al., Plaintiffs-Respondents,
v
Bernard Lewis, et al., Defendants-Appellants.

Decided and Entered: June 18, 2026
Index No. 305209/13|Appeal No. 6915|Case No. 2025-06412|
Before: Manzanet-Daniels, J.P., Mendez, Shulman, Higgitt, Hagler, JJ.

Bernard Lewis appellant pro se.

[*1]
Order, Supreme Court, Bronx County (Raymond P. Fernandez, J.), entered on or about April 17, 2024, which denied defendant Bernard Lewis' motion to renew and reargue his prior motion to dismiss the amended complaint and for other relief, unanimously affirmed to the extent the appeal is from the denial of the motion to renew, and, to the extent the appeal is from the denial of the branch of the motion to reargue, the appeal is dismissed, without costs, as taken from a nonappealable paper.
The court properly denied Lewis' motion to renew as he failed to present any new facts or arguments that he did not assert in connection with the underlying motion and that would have changed the prior result (see Perretta v New York City Tr. Auth., 230 AD3d 428, 431 [1st Dept 2024]). The alleged misconduct by Lewis' attorney, plaintiffs' multiple counsel changes, and plaintiffs' attorney's argument in opposition to earlier motions are irrelevant to the relief sought and, in any event, were known to Lewis at the time he submitted his prior motion. Moreover, he fails to cite any evidence to support his claims that the court went beyond the four corners of his motion in making its determination or that it overlooked material facts.
Lewis' assertion that the court lacked subject matter jurisdiction because plaintiffs did not live at the subject property is unavailing. As we have previously held in this case, "that plaintiffs did not live on the property does not divest the court of subject matter jurisdiction" (Simon v Lewis, 206 AD3d 581, 582 [1st Dept 2022]).
The crux of Lewis' claims and arguments, such as that plaintiffs engaged in tax evasion by paying their personal expenses from their business and conspired to steal his property, are hotly contested and dependent on assessment of witness credibility. As such, they should be resolved at trial.
We have considered Lewis' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2026